ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
Perry & Westbrook
A Professional Corporation
1701 W. Charleston Blvd., Suite 200
Las Vegas, Nevada 89102
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
E-Mail: awestbrook@perrywestbrook.com

ROBERT C. EVANS
Pro Hac Vice - Colorado Bar No. 30403
Evans & Co.
823 E. 4th Avenue
Durango, Colorado 81301
Telephone: (970) 375-9300
Facsimile: (970) 375-9301
E-Mail: revans@evanslawfirm.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON <br><br> Plaintiff, <br><br> v. <br><br> PALM CANYON DEVELOPMENT, INC., a Nevada Corporation; D&J FAMILY TRUST; and TNT MASONRY CORPORATION, a Nevada Corporation <br><br> Defendants. | Case No: 2:13-cv-00423-JCM-PAL |

## PLAINTIFFS, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, UNOPPOSED FIRST MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Now into court come, Certain Underwriters at Lloyd's, London, through undersigned

Page 1 of 3

counsel, and submit this Unopposed First Motion for Extension of Time to Complete Discovery. On July 23, 2013, the Court ordered that discovery be completed by November 20, 2013. (docket no. 29).  On August 7, 2013, counsel for Defendant Palm Canyon Development, Inc., (herein "Palm Canyon") filed a Motion to Withdrawal as Counsel of Record.  (docket no. 30). That motion was granted by the Court on August 8, 2013.  (docket no. 31).  In the Order, the Court instructed Palm Canyon to appoint new counsel by September 9, 2013.  (docket no. 31). Palm Canyon failed to appoint new counsel by September 9, 2013.  On September 16, 2013, the Court issued an Order to Show Cause directing Palm Canyon to appoint new counsel on or before October 16, 2013.  (docket no. 33).  On October 14, 2013, Defendant D & J Family Trust filed a motion for a sixty (60) day extension of the pending Order to Show Cause.  (docket no. 34).  The sixty day (60) extension was granted and the Court issued an order to Palm Canyon Development that it appoint counsel of record by December 13, 2013.  (docket no. 35).  At the time of the filing of the motion at hand, Palm Canyon Development, Inc. has not appointed new counsel and cannot appear pro se as a result of its' status as a corporation.

On November 13, 2013, correspondence was sent to counsel for D & J Family Trust seeking agreement in the proposed discovery cut-off date of February 28, 2013. (Exhibit 1).  D & J. Family Trust has not objected to the extension or otherwise responded, indicating agreement with this motion .

All parties will be unable to complete discovery by November 20, 2013, as a result of Palm Canyon Development, Inc.'s continued failure to appoint new counsel, therefore, additional time is necessary for completion of discovery in this matter.  Counsel for D & J Family Trust has

/ / /

been contacted and has no opposition to this extension.  Certain Underwriters at Lloyd's, London

moves this court to extend the deadline for completing discovery required by LR26-1 to February

28, 2014.

Respectfully submitted:

/s/ Alan W. Westbrook                              /s/ Mark J. Bourrassa

Robert C. Evans, Esq.                             Mark J. Bourrassa

Evans & Co                                        Trent L. Richards

823 E. 4th Avenue                                 The Bourassa Law Group, LLC

Durango, CO 81301                                 8668 Spring Mountain Road, Suite 101

Telephone: (970) 375-9300                         Las Vegas, NV 89117

Facsimile: (970) 375-9301                         Phone: 702-851-2180

revans@evanslawfirm.com                           Fax: 702-851-2189

and                                               Email: mbourassa@bourassalawgroup.com

Alan Westbrook, Esq.                              Email: trichards@bourassalawgroup.com

Nevada Bar #6167                                  Dated this 25th day of November, 2013.

Perry & Westbrook

1701 W. Charleston, Ste 200

Las Vegas, NV 89102

Telephone: 702-870-2400

Facsimile: 702-870-8220

awestbrook@perrywestbrook.com

Dated this 25th day of November, 2013.


**IT IS SO ORDERED.**


United States Magistrate

Dated this 6th day of December, 2013.


Page 3 of  3

# EXHIBIT "1"

# EXHIBIT "1"

# EXHIBIT "1"

# EXHIBIT "1"

Electronically Filed
02/07/2013 01:52:59 PM

*[signature]*

**CLERK OF THE COURT**

1  AMENTPC
SAMUEL G. BROYLES, JR., ESQ.
2  Nevada Bar No. 5888
**SAMUEL G. BROYLES JR.**
3  **A PROFESSIONAL LAW CORP.**
3395 Mario Road
4  Reno, NV 89523
Telephone: 775-345-9885
5  Direct Telephone: (714) 684-2020
Facsimile: (714-602-5055
6  E-Mail: sam@sbroyleslaw.com

7  Attorneys for Defendant; Cross-Claimant; Cross-Defendant; Third Party Plaintiff
PALM CANYON DEVELOPMENT, Inc.

8

DISTRICT COURT

9

CLARK COUNTY, NEVADA

10

****

11

| | |
|---|---|
| 12  D&J FAMILY TRUST, | ) CASE NO.: A-11-646-373-D |
| | ) DEPT. NO.: XIX |
| 13          Plaintiff, | ) |
| | ) |
| 14  vs. | ) ELECTRONIC FILING PROGRAM CASE |
| | ) |
| 15  PALM CANYON DEVELOPMENT, INC., | ) DEFENDANT/CROSS-CLAIMANT/ |
| a Nevada Corporation; TNT MASONRY | ) CROSS-DEFENDANT/THIRD-PARTY |
| 16  CORPORATION, a Nevada Corporation; and | ) PLAINTIFF PALM CANYON |
| DOES 1 through 100 and ROE corporations | ) DEVELOPMENT, INC.'S SECOND |
| 17  and organizations 1 through 100, | ) AMENDED THIRD-PARTY COMPLAINT |
| | ) |
| 18          Defendants | ) |
| | ) |
| 19  PALM CANYON DEVELOPMENT, INC. a | ) |
| 20  Nevada Corporation, | ) |
|           Cross-Claimant, | ) |
| 21  vs. | ) |
| | ) |
| 22  TNT MASONRY CORPORATION, a Nevada | ) |
| Corporation, | ) |
| 23          Cross-Defendant. | ) |
| | ) |
| 24 | ) |
| | ) |
| | ) |
|   TNT MASONRY CORPORATION, a Nevada | ) |

1 PALM TPC – SECOND AMENDED

1  Corporation,                    )
                 Cross-Claimant,   )
2  vs.                             )
                                   )
3  PALM CANYON DEVELOPMENT, INC., a )
   Nevada Corporation; and MOES 1 through 10, )
4  inclusive,                      )
                                   )
5              Cross-Defendants.   )
                                   )
6  TNT MASONRY CORPORATION, a Nevada )
   Corporation,                    )
7                                  )
                 Third-Party Plaintiff, )
8  vs.                             )
                                   )
   ARIZONA STONE & ARCHITECTURAL   )
10 PRODUCTS NV, LLC, a Nevada Corporation; )
   ORCO BLENDED PRODUCTS CO., a    )
11 Foreign Corporation; POES 1 through 10, )
   inclusive; and POE DESIGN       )
12 PROFESSIONALS 11 through 20, inclusive, )
                                   )
13             Third-Party Defendants. )
                                   )
14 PALM CANYON DEVELOPMENT, INC., a )
   Nevada Corporation,             )
15                                 )
                                   )
16             Third-Party Plaintiff )
                                   )
17 vs.                             )
                                   )
18 BOB HARRISON; PAPOCK            )
   CONSTRUCTION, INC., a Nevada    )
   corporation; L & C LATH & PLASTERING, )
19 INC. D/B/A SOUTHERN NEVADA      )
   STUCCO & DRYWALL, a Nevada      )
20 corporation and SOES 1 through 10, inclusive; )
   and SOE DESIGN PROFESSIONALS 11 )
21 through 20, inclusive,          )
                                   )
22                                 )
                                   )
23             Third Party Defendants

24

25

2 PALM TPC – SECOND AMENDED

**DEFENDANT/CROSS-CLAIMANT/**

**CROSS-DEFENDANT/THIRD-PARTY PLAINTIFF**

**PALM CANYON DEVELOPMENT, INC.'S SECOND AMENDED THIRD-PARTY**

**COMPLAINT**

COMES NOW, Third-Party Plaintiff, PALM CANYON DEVELOPMENT, INC.

(hereinafter referred to as "Palm"), by and through its attorneys of record, the law firm of Samuel

Broyles, A Professional Law Corporation, and hereby brings its Third-Party Complaint against

BOB HARRISON; PAPOCK CONSTRUCTION, INC., a Nevada corporation; L & C LATH &

PLASTERING, INC. D/B/A SOUTHERN NEVADA STUCCO & DRYWALL, a Nevada

corporation and SOES 1 through 10, inclusive; and SOE DESIGN PROFESSIONALS 11

through 20, inclusive (hereinafter collectively referred to as "Third-Party Defendants"), and

complains and alleges as follows:

### I.   INTRODUCTION

1.   This construction defect lawsuit involves a single family home owned by Plaintiff

D&J Family Trust (hereinafter "Plaintiff"), located at 53 Hawk Ridge, Las Vegas, Nevada

(hereinafter "Subject Property").

2.   Upon information and belief, Plaintiff hired Defendants as the general contractor

to construct the Subject Property after Palm left the Project.

3.   Plaintiff contracted with various designers, subcontractors and material suppliers

to construct the Subject Property, including Third-Party Defendants.

4.   Third-Party Defendants designed, developed, constructed, improved and/or

supplied material for improvements for the Subject Property.  As a result of Third-Party

Defendant's failure to properly design, develop, construct, improve, install and/or supply material for improvements at the Subject Property, Palm has suffered damages.

## II.   PARTIES

5.     Palm is, and at all times relevant herein, was a Nevada corporation, duly licensed and authorized to conduct business in Clark County, Nevada.

6.     At all times relevant herein, Third-Party Defendants, and each of them, were developers, contractors, subcontractors, suppliers, and/or design professionals who designed, developed, constructed, improved, altered, repaired and/or supplied material for the Subject Property.

7.     Palm is informed and believes, and on that basis alleges, that Third-Party Defendants are, and at all times relevant were, individuals, sole proprietors, partnerships, corporations or other business entities doing business in Clark County, Nevada.

8.     At all times relevant herein, Third-Party Defendants, and each of them, were legal entities or individuals doing business in the State of Nevada.  The true names and capacities, whether individual, corporate, associate or otherwise of SOES 1 through 10, inclusive, and/or SOE DESIGN PROFESSIONALS 11 through 20, inclusive, are unknown to Palm, who therefore, sues said legal entities or individuals by such fictitious names.  Palm is informed and believes, and on that basis alleges, that each of said legal entities or individuals are responsible in some manner for the events and happenings and proximately caused the injuries and damages herein alleged by Palm in its First Amended Third-Party Complaint.  Palm will ask leave of this Court to amend its operative Third-Party Complaint to insert the true names and capacities of

4 PALM TPC – SECOND AMENDED

SOES 1 through 10, and/or SOE DESIGN PROFESSIONALS 11 through 20, and state the

appropriate charging allegations when that information has been ascertained.

### III.   JURISDICTION AND VENUE

9.      This Court has jurisdiction in this matter, and venue is proper, in that this First

Amended Third-Party Complaint arises from Third-Party Defendants, and each of them,

designing, developing, manufacturing, constructing, improving, altering, repairing, supplying,

distributing, marketing, selling, and/or installing material into the Subject Property, which is

located in Clark County, Nevada.

### IV.   GENERAL ALLEGATIONS

10.      At all times herein mentioned, Palm relied on the skill of subsequent Third-Party

Defendants, in the design, construction, development, manufacture, improvement, alteration,

repair, supply, distributing, market, sale, and/or installation of materials into the Subject

Property.

11.      Palm is informed and believes, and on that basis alleges, that work done or

materials supplied by each Third-Party Defendant was pursuant to a written contract or purchase

order entered into between Plaintiff and each Third-Party Defendant.

12.      According to the allegations in Plaintiff's Complaint, Third-Party Defendants

acted in a negligent and/or careless manner and performed acts or failed to perform acts, which

resulted in breached duties, breached warranties to Plaintiff and/or others, including, but not

limited to those of fitness, merchantability, quality, workmanship and habitability, which

allegedly injured and/or caused damages to Plaintiff.  Said acts and/or omissions have also

resulted in damages to Palm by subjecting Palm to suit by Plaintiff and TNT.

## V.    **FIRST CAUSE OF ACTION**

### (Negligence Against All Third-Party Defendants)

13.    Palm repeats and realleges the allegations in Paragraphs 1 through 12 of this complaint as thought set out fully herein.

14.    The Third-Party Defendants, and each of them, owed a contractual and/or legal duty to Palm to exercise due and reasonable care in designing, constructing, manufacturing, improving, altering, repairing, supplying, distributing, installing products, marketing, selling and/or developing and/or supervising work at the Subject Property.  Third-Party Defendants, and each of them, also had a legal duty to abide by local construction practices, industry standards, governmental codes and restrictions, manufacturer requirements, Clark County Building Codes, product specifications and/or the laws of the State of Nevada.

15.    If the Subject Property is defectively designed, developed and/or constructed, Third-Party Defendants, and each of them, are responsible for such defects in that they failed to act reasonably in the design, construction, manufacture, improvement, alteration, repair, supply, distribution, installation, marketing, sale and/or development and/or supervision of work at the Subject Property, thereby breaching their duty owed to Palm.

16.    If the Subject Property is defectively designed, constructed, manufactured, improved, altered, repaired, supplied, distributed, installed, marketed, sold and/or developed, the acts and/or omissions of Third-Party Defendants, and each of them, were the direct and proximate cause of any and all damages incurred by Palm.

17.    Palm is informed and believes, and thereon alleges that Plaintiff's damages, if any, were proximately caused by Third-Party Defendants, and each of them, and that Third-Party

Defendants, and each of them, are liable for the damages sought by Plaintiff in its underlying operative Complaint and/or by Palm Canyon in its Cross-Claim.

18.     The breach(es) of the aforementioned duties by the Third-Party Defendants, and each of them, as described in Paragraphs 13 through 17 above was and is the actual and proximate cause of damages to Palm, in excess of $10,000.00.

19.     It has been necessary for Palm to retain the services of Samuel Broyles, A Professional Law Corporation, to defend against Plaintiff's and TNT's actions and Palm is entitled to recover its attorneys' fees and costs incurred herein pursuant to NRS § 18.010, NRS § 40.600 et seq., the contractual provisions of any subcontract agreements, and Nevada law.

## VI.     SECOND CAUSE OF ACTION

### (Breach of Implied Warranties Against All Third-Party Defendants)

20.     Palm repeats and realleges the allegations in Paragraphs 1 through 19 of this Third-Party Complaint as though fully set forth herein.

21.     Palm is informed and believes, and thereon alleges that pursuant to the agreements between Plaintiff and Third-Party Defendants, that Third-Party Defendants impliedly warranted that the work performed would be done in a good, workmanlike, and substantial manner, and/or that the materials supplied would be of merchantable quality and reasonably fit for the intended purpose, in full accordance with the provisions and conditions of the agreements and the plans and specifications, and in conformance with Nevada construction standards.

22.     Palm relied upon said warranties and believed that said subsequent work was performed pursuant to said agreements and would be of a first-class and workmanlike manner and/or the materials supplied would be of merchantable quality and reasonably fit for the intended purpose.

7 PALM TPC – SECOND AMENDED

23.     Based upon the allegations set forth in Plaintiff's underlying operative Complaint and TNT's Cross-Claim on file herein, Palm is informed and believes, and thereon alleges, that Third-Party Defendant, and each of them, breached said agreements by failing to ensure that their work was performed in a workmanlike manner and/or in accordance with Nevada Construction standards, and that materials so provided for the Subject Property were free of defects and were reasonably fit for their intended purpose.

24.     Palm is informed and believes, and thereon alleges that Plaintiff's damages, if any, were proximately caused by Third-Party Defendants, and each of them, and that Third-Party Defendants, and each of them, are liable for the damages sought by Plaintiff in its underlying operative Complaint and/or by Palm Canyon in its Cross-Claim.

25.     As a proximate result of the breach of express and/or implied warranties by Third-Party Defendants, and each of them, Palm alleges that it will suffer damages in a sum equal to any sums paid by way of settlement, or in the alternative, judgment rendered against Palm in the underlying action based upon Plaintiff's underlying operative Complaint and/or TNT's Cross-Claim.

26.     The breach(es) of the aforementioned duties by Third-Party Defendants, and each of them, as described in Paragraphs 26 through 30 above, was and is the actual and proximate cause of damages to Palm, in excess of $10,000.00.

27.     It has been necessary for Palm to retain the services of Samuel Broyles, A Professional Law Corporation, to defend against Plaintiff's action and Palm Canyon's action, and to bring this First Amended Third-Party Complaint. Palm is entitled to recover its attorneys fees and costs incurred herein pursuant to NRS § 18.010, NRS § 40.600 et seq., the contractual provisions of any subcontract agreements, and Nevada law.

## VII.   THIRD CAUSE OF ACTION

### (Equitable Indemnity Against All Third-Party Defendants)

28.   Palm repeats and realleges the allegations in Paragraphs 1 through 27 of this Third-Party Complaint as though fully set forth herein.

29.   Palm is informed and believes, and thereon alleges, that the defects and damages alleged by Plaintiff in its underlying operative Complaint and/or by TNT in its Cross-Claim, involve defects and damages to or destruction of the Subject Property. Palm is further informed and believes, and thereon alleges, that said damages were caused by Third-Party Defendants, and each of them, arising out of and/or in connection with, the performance of Third-Party Defendants' operations and work and/or supervision, and/or material provided by Third-Party Defendants as the Subject Property.

30.   In equity and good conscience, if Plaintiff and/or TNT recover against Palm herein, then Palm is entitled to equitable indemnity among and from the Third-Party Defendants, and each of them, according to their respective faults for the injuries and damages allegedly sustained by Plaintiff and/or TNT, if any, by way of sums paid by settlement, or in the alternative, judgment rendered against Palm based upon Plaintiff's underlying operative Complaint and/or TNT's Cross-Claim.

31.   It has been necessary for Palm to retain the services of Samuel Broyles, A Professional Law Corporation, to defend against Plaintiff's action and Palm Canyon's action, and to bring this First Amended Third-Party Complaint. Palm is entitled to recover its attorneys' fees and costs incurred herein pursuant to NRS § 18.010, NRS § 40.600 et seq., the contractual provisions of any subcontract agreements, and Nevada law.

## VIII.   FOURTH CAUSE OF ACTION

### (Contribution Against All Third-Party Defendants)

32.    Palm repeats and realleges the allegations in Paragraphs 1 through 31 of this Third-Party Complaint as though fully set forth herein.

33.    Based upon the acts and/or omissions of Third-Party Defendants, and each of them, if a judgment is rendered on behalf of Plaintiff or TNT, Palm is entitled to contribution from each of the Third-Party Defendants, in an amount proportionate to the amount of negligence and/or fault attributable to each of the Third-Party Defendants.

34.    It has been necessary for Palm to retain the services of Samuel Broyles, A Professional Law Corporation, to defend against Plaintiff's action and TNT's action, and to bring this Third-Party Complaint.  Palm is entitled to recover its attorneys' fees and costs incurred herein pursuant to NRS § 18.010, NRS § 40.600 et seq., the contractual provisions of any subcontract agreements, and Nevada law.

WHEREFORE, Palm prays for judgment against all Third-Party Defendants, and each of them, as follows:

1.    For general and special damages in excess of $10,000.00;

2.    For indemnity for all damages and/or economic losses that Plaintiff and/or TNT recover against Palm by way of judgment, order, settlement, compromise or trial;

3.    For reasonable attorneys' fees, costs, expert costs and expenses, pursuant to statutory law, common law, and contract law;

4.    For prejudgment interest;

5.    For consequential damages in excess of $10,000.00;

**PROOF OF SERVICE and AFFIRMATION**

1

2   STATE OF NEVADA                    )
                                       )
3   COUNTY OF CLARK                    )

4        I am over the age of 18 years and not a party to the within action; my business address is
    3395 Mario Road, Reno, Nevada 89523
5   .

6        On January 14, 2013 I served the foregoing document described as:

7   **DEFENDANT/CROSS-CLAIMANT/**
    **CROSS-DEFENDANT/THIRD-PARTY PLAINTIFF PALM CANYON**
    **DEVELOPMENT, INC.'S SECOND AMENDED THIRD-PARTY COMPLAINT**
8
    This document was served on the interested party or parties in this action by placing a true copy
9   thereof in the firm's mail, enclosed in a sealed envelope, and addressed as noted on the attached
    mailing list.

    [  ] BY MAIL:    I am familiar with our firm's practice of collection and processing
11  correspondence for mailing.  Under that practice it is deposited with the U.S. Postal Service on
    that same day with postage thereon fully prepaid at Reno, Nevada in the ordinary course of
12  business. I am aware that on motion of the party served, service is presumed invalid if the postal
    cancellation date or postage meter date is more than one working day after the date of deposit for
13  mailing in this declaration.

14  [  ] VIA FACSIMILE:    I caused all of the pages of the above entitled document to be sent to
    the recipients noted above via electronic transfer (FAX) at the facsimile number as noted in the
15  attached mailing list. This document was transmitted by facsimile and transmission reported
    complete without error.
16
    [   ] BY PERSONAL DELIVERY: I delivered such envelope by hand to the offices of the
17  addressees noted in the attached mailing list.

18  [  xxx] BY E SERVICE AND OR E FILE under the Clark District Court efile and service rules
    on the parties listed therein.
19
         Executed on January 14, 2013 at HB CA
20
    This document does not contain any social security  number of any person.
21
         I declare under penalty of perjury under the laws of the State of Nevada that the above is
22  true and correct.  I further declare that I am employed in the office of a member of the bar of this
    court at whose direction the service was made.
23
    Dated: ~~01/14/13~~               /s/ Samuel G. Broyles, Jr. Esq.
24       02/7/13

25

                          12 PALM TPC – SECOND AMENDED

6.  For incidental damages in excess of $10,000.00;

7.  For indemnity and contribution pursuant to NRS § 17.225;

8.  For an apportionment of liability among the Third-Party Defendants;

9.  For prejudgment interest on Palm's settlement payment or judgment; and

10. For such other and further relief as this Court may deem just, equitable and

    proper.

Dated: ~~January 7, 2013~~
       Feb. 7, 2013

                              SAMUEL G. BROYLES JR.
                              A PROFESSIONAL LAW CORP..

                              By: /s/Samuel G. Broyles, Jr. Esq.
                              Samuel G. Broyles, Jr., Esq.
                              Nevada Bar No. 5888
                              3395 Mario Road
                              Reno, NV 89523
                              Telephone: 775-345-9885
                              Direct Telephone: (714) 684-2020
                              Facsimile: (714-602-5055
                              E-Mail: sam@sbroyleslaw.com

                              Attorneys for Defendant/Cross-Claimant/Cross-
                              Defendant/Third-Party Plaintiff
                              Palm Canyon Development, Inc.

11 PALM TPC – SECOND AMENDED

| **MAILING LIST** | |
|---|---|
| **CASE NAME**       D&J V. PALM CANYON. | |
| **COURT**               : District Court Clark County | |
| **CASE NO.**            : A-11-646373-D | |
| See E-file Service List | |
| | |
| | |
| | |

13 PALM TPC – SECOND AMENDED

# EXHIBIT "2"

# EXHIBIT "2"

1                   DISTRICT COURT

2              CLARK COUNTY, NEVADA

3

4

5  D&J FAMILY TRUST,

6           Plaintiff,

7           vs.            No. A646373

8  PALM CANYON DEVELOPMENT, INC., a
Nevada corporation; TNT MASONRY

9  CORPORATION, a Nevada corporation;
and DOES 1 through 100 and ROE

10 corporations and organizations 1
through 100,

11

12          Defendants.
    _____/

13 PALM CANYON DEVELOPMENT, INC., a
Nevada corporation,

14

15          Cross-Claimant,

16          vs.

TNT MASONRY CORPORATION, a Nevada

17 corporation,

18          Cross-Defendant.

19     _____/ ...

20     DEPOSITION OF CHRIS FINLAY

21       September 23, 2013

22         10:23 a.m.

23   2300 West Sahara Avenue, Suite 770

24        Las Vegas, Nevada

25   Linda Horton Sprague, C.C.R. No. 466

1   TNT MASONRY CORPORATION, a Nevada
    corporation,

2
                    Cross-Claimant,

3
                    vs.

4
    PALM CANYON DEVELOPMENT, INC., a

5   Nevada corporation; and MOES 1
    through 10, inclusive,

6
                    Cross-Defendants.

7   _____/

8   TNT MASONRY CORPORATION, a Nevada
    corporation,

9
                    Third-Party Plaintiff,

10
                    vs.

11
    ARIZONA STONE & ARCHITECTURAL

12  PRODUCTS NV, LLC, a Nevada
    corporation; ORCHO BLENDED PRODUCTS

13  CO., a foreign corporation, POES 1
    through 10, inclusive; and POE

14  DESIGN PROFESSIONALS 11 through 20,
    inclusive,

15
                    Third-Party Defendants.

16  _____/

17  PALM CANYON DEVELOPMENT, INC., a
    Nevada corporation,

18
                    Third-Party Plaintiff,

19
                    vs.

20
    BOB HARRISON; PAPOCK CONSTRUCTION,

21  INC., a Nevada corporation; L & C
    LATH & PLASTERING, INC. dba SOUTHERN

22  NEVADA STUCCO & DRYWALL, a Nevada
    corporation and SOES 1 through 10,

23  inclusive and SOE DESIGN
    PROFESSIONALS 11 through 20,

24
                    Third-Party Defendants.

25  _____/

```
1                    APPEARANCES OF COUNSEL

2

3    For the Plaintiff:

4                        Christopher W. Carson, Esq.
                         Bourassa Law Group
5                        8668 Spring Mountain Road
                         Suite 101
6                        Las Vegas, Nevada 89117
                         (702) 851-2180
7                        ccarson@bourassalawgroup.com

8

9    For Palm Canyon Development, Inc.:

10                       Samuel G. Broyles, Jr., Esq.
                         Law Office of Samuel G. Broyles
11                       4640 East Tropicana Avenue
                         Las Vegas, Nevada 89121
12                       (702) 456-0086
                         sam@sbroyles.com
13

14

15   For TNT Masonry Corporation:

16                       Jennifer A. Fornetti, Esq.
                         Springel & Fink, LLP
17                       106555 Park Run Drive
                         Suite 275
18                       Las Vegas, Nevada 89144
                         (702) 804-0706
19                       jfornetti@springlefink.com

20

21

22

23

24

25
```

```
 1              APPEARANCES OF COUNSEL (Continued)

 2

 3   For L & C Lath & Plastering, Inc., dba Southern Nevada
     Stucco & Drywall:
 4
                          Andre V. Farinha, Esq.
 5                        Lewis Brisbois Bisgaard & Smith,
                          LLP
 6                        6385 South Rainbow Boulevard
                          Suite 600
 7                        Las Vegas, Nevada 89118
                          (702) 893-3383
 8                        avfarinha@lbbslaw.com

 9

10

11

12              INDEX OF EXAMINATION

13

14   CHRIS FINLAY

15                                           Page

16   EXAMINATION

17   By Mr. Carson                        6

18   By Mr. Farinha                     143

19   By Ms. Fornetti                    153

20

21   FURTHER EXAMINATION

22   By Mr. Carson                      220

23   By Ms. Fornetti                    222

24

25
```

INDEX TO EXHIBITS

| Number | Description | Page |
|--------|-------------|------|
| 7 | Photocopy of Palm Canyon Development, General Construction Contract | 6 |
| 8 | Photocopy of Addendum to Supervision Contract Construction | 6 |
| 9 | Photocopy of Palm Canyon Development Subcontractor Information, blank | 6 |
| 10 | Photocopy of Palm Canyon Development Subcontractor Information, TNT Masonry, Inc. | 6 |
| 11 | Photocopy of Palm Canyon Development Subcontractor Information, TNT Masonry, Inc. | 6 |
| 12 | L & C Lath and Plastering, Inc., dba southern Nevada Stucco & Drywall Proposal/Contract | 6 |

QUESTION WITNESS INSTRUCTED NOT TO ANSWER

| Page | Line |
|------|------|
| 87 | 23 |

1    Q.    When?

2    A.    I'm going to have to give you a guess again

3    when I obtained it.  Probably the year 2000.  Right --

4    approximately, right around there.  And it was

5    discontinued on August 7th.

6    Q.    Do you belong to any trade unions or

7    associations?

8    A.    No.

9    Q.    Have you ever?

10   A.    Not that I can remember, no.

11   Q.    Okay.  Have you ever served any time in the

12   military?

13   A.    No.

14   Q.    Have you ever been convicted of a felony?

15   A.    No.

16   Q.    It's my understanding that you're here today

17   as the person most knowledgeable for Palm Canyon

18   Development?

19   A.    Yes.

20   Q.    Explain to me who Palm Canyon is or what it

21   is.

22   A.    Palm Canyon Development is a Nevada

23   corporation that was licensed -- a licensed

24   contractor.

25   Q.    What type of Nevada corporation was it?

1      A.   Yes.

2      Q.   Other than Mr. Kite, anybody else have any

3  ownership interest in Palm Canyon at all?

4      A.   No.

5      Q.   And how long was Palm Canyon -- strike that.

6           Is Palm Canyon still an active corporation?

7      A.   I guess I would have to answer that I

8  believe it is.

9      Q.   Okay.

10     A.   Until the current registration expires.

11     Q.   Do you know, approximately, when that is?

12     A.   I would, again, just have to guess.  I don't

13  know.  It was formed, I think, around -- in the spring

14  of the year.  So it's probably sometime next spring.

15  But I don't know for sure.

16     Q.   As you sit here right now, you have no

17  intention to renew the corporate status of Palm Canyon

18  when it comes up for renewal?

19     A.   No.

20     Q.   Why?

21     A.   There isn't -- it's no longer a viable

22  entity.

23     Q.   What do you mean by that?

24     A.   There are no assets in the company.  The

25  company has no license.  It's gone.

1      Q.   What happened to the assets?

2      A.   There were no assets.

3      Q.   So Palm Canyon didn't own anything?

4      A.   No.

5      Q.   Let's back up.

6           When Palm Canyon first incorporated in 2000,

7   what did it do?

8      A.   As far as?

9      Q.   Just what was the corporation set up to do?

10      A.   It was the business -- the business was

11   being a general contractor.

12      Q.   Okay.  What do you mean by "being a general

13   contractor"?

14      A.   That's just -- a general contractor.

15      Q.   I understand that.

16           But what is your understanding of what a

17   general contractor does?

18      A.   The license called is -- enables the company

19   to build residential, speculative residential, and

20   small commercial.

21      Q.   And what types of building did Palm Canyon

22   do as a general contractor?

23      A.   Primarily, residential.  One small

24   commercial project.

25      Q.   One in the total time of its existence?