1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CERTAIN UNDERWRITERS AT
LLOYDS, LONDON,

               Plaintiff(s),

v.

PALM CANYON DEVELOPMENT,
INC., et al.,

               Defendant(s).

2:13-CV-423 JCM (PAL)

**ORDER**

       Presently before the court is defendant D&J Family Trust's renewed motion to abstain. (Doc. # 60). Plaintiff Certain Underwriters at Lloyd's, London, has filed a response. (Doc. # 62).

**I.    Background**

       Defendant is the owner of a single-family home located in Las Vegas, Nevada. Defendant claims that the stone veneer on the home is defective, which has caused property damage and created a substantial risk to the life, safety, and welfare of its residents. As a result of these alleged defects, defendant gave notice to the developer, Palm Canyon, Inc. ("Palm Canyon"), and initiated a construction defect action in Nevada state court against it and the subcontractor, TNT Masonry Corporation ("TNT"). Plaintiff is not a party to the state court proceedings.

       Plaintiff is Palm Canyon's insurer, and Palm Canyon tendered defense of the state court action to plaintiff under the terms of their insurance policy ("the policy"). Plaintiff filed the instant

**James C. Mahan**
**U.S. District Judge**

1  action on March 13, 2013, seeking a declaration that it is not liable under the policy.  Plaintiff

2  contends that the damages to the property fall within the policy's exclusions, and therefore it cannot

3  be held liable.

4      In the instant motion, defendant requests that the court decline to exercise jurisdiction over

5  this case due to the pending action in Nevada state court.  (Doc. # 60).

6  **II.    Discussion**

7      This court has recently granted a nearly identical motion filed by D&J Family Trust in a

8  nearly identical case, albeit against a different insurance company.  *See Century Surety Co. v. D&J*

9  *Family Trust, et al,* case no. 2:13-cv-1948-JCM-CWH (D. Nev., Apr. 18, 2014).  For the reasons

10  discussed in that order and restated herein, the court will grant the instant motion and decline to

11  exercise jurisdiction over this matter.

12      The Declaratory Judgment Act provides that "any court of the United States, upon the

13  filing of an appropriate pleading, may declare the rights and other legal relations of any interested

14  party seeking such declaration." 28 U.S.C. § 2201(a).  Under the Declaratory Judgment Act, district

15  courts have "substantial discretion" to decline to exercise jurisdiction over an action for declaratory

16  relief. *Wilton* v. *Seven Falls Co.,* 515 U.S. 277, 286 (1995).

17      The Supreme Court has noted that it is "uneconomical as well as vexatious for a federal court

18  to proceed in a declaratory judgment suit where another suit is pending in a state court presenting

19  the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.*

20  *of Am.*, 316 U.S. 491, 495 (1942).

21      In its opposition, plaintiff attempts to distinguish the two actions, arguing that this case

22  involves a determination of whether the damages fall within the coverage policy, and the state case

23  involves a determination as to whether TNT installed the stone negligently and what the damages

24  would be.  (Doc. # 62, p. 9).  Plaintiff also points out that there is not a presumption in favor of

25  abstention in insurance cases.  *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.

26  1998).

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

1    While plaintiff is correct that there is no presumption in favor of abstention in cases

2    involving insurance policies, it is equally true that there is no presumption *against* abstention in such

3    cases.  *See id.*  Indeed, in any question of abstention over a declaratory relief action, the court must

4    consider the efficient allocation of judicial resources, the possibility of interference with cases

5    pending in state court, and whether the litigants are pursuing the action as "a means of forum

6    shopping."  *Huth* v. *Hartford Ins. Co.,* 298 F.3d 800, 803 (9th Cir. 2002).

7    The court finds that abstention is warranted.  Plaintiff's sole claim seeks declaratory relief

8    under Nevada insurance coverage law. Though this case raises legal questions that are separate and

9    distinct from those in the state court action, both rely on the same underlying factual scenario,

10   thereby creating a high probability of interference between the two proceedings. Concordantly, Nev.

11   Rev. Stat. 30.030 provides a vehicle by which plaintiff can pursue declaratory relief in Nevada state

12   court.[1]

13   Allowing plaintiff's claims to be decided in state court will best promote judicial efficiency

14   as well as comity between state and federal courts. Therefore, defendant's motion to abstain will be

15   granted, and the court will decline to exercise jurisdiction over this action.[2]

16   Accordingly,

17   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to

18   abstain (doc. # 60) be, and the same hereby is, GRANTED.

19   . . .

20   . . .

21   . . .

22

23   [1] This provision provides: "Courts of record within their respective jurisdictions shall have

24   power to declare rights, status and other legal relations whether or not further relief is or could be
     claimed. No action or proceeding shall be open to objection on the ground that a declaratory

25   judgment or decree is prayed for. The declaration may be either affirmative or negative in form and
     effect; and such declarations shall have the force and effect of a final judgment or decree."

26
     [2] The court recognizes the pending motions for sanctions (doc. # 56) and summary judgment

27   (doc. # 65).  Because the court declines to exercise jurisdiction, it will not comment on the merits
     of those motions.

28

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that this action is DISMISSED.  The clerk is instructed to close

2  the case.

3    DATED April 22, 2014.

4

5  _____
   **UNITED STATES DISTRICT JUDGE**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**